IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **04-cv-1615-JLK, 05-cv-247-JLK, 05-cv-306-JLK, 05-cv-641-JLK**, **and 05-cv-643-JLK**

Bankruptcy Case No. 04-19176

IN RE:

**AST SPORTS VS. EPHEDRA CASES**

This Minute Order relates to **04-cv-1615-JLK and 05-cv-306-JLK**

---

### MINUTE ORDER

---

Judge John L. Kane **ORDERS**

Defendant Musclemaster's Motion for Clarification (doc. #72) is **GRANTED.** The court clarifies as follows:

1. The April 20, 2005 Amended Scheduling Order postdates any comments made during the January 11, 2005 hearing on AST's Motion to Transfer and governs the course of discovery in this case, including the taking of depositions. The Scheduling Order does not prescribe the method or means of taking depositions, leaving such issues to the parties as they may agree to them.

2. Any comments the Court made at the January 11, 2005 hearing on issues of discovery were informational, and were intended to convey an expectation that the parties communicate and agree on discovery and related matters and, if agreement cannot be reached, that the aggrieved party move by motion for the relief sought. On the issue of videotaping depositions, comments were intended to advise counsel that videotaping depositions is an option, as is the taking of depositions telephonically, that may be considered and is often cost-effective in geographically expansive litigation. To the extent they evinced an expectation that the parties would generally agree to videotape their depositions, that was an expectation borne of the circumstances, and not a prospective blanket order.

With respect to the issue raised, any withholding of "consent" by AST to an

agreement between co-defendants Musclemaster and Fitness Technologies that Musclemaster not to videotape the 30(b)(6) deposition of the other, unless each agreed not to videotape any 30(b)(6) deposition of AST, would be improper. Such a position not only reads a requirement for videotaped depositions that is not there, but operates to hold hostage discovery agreed to by others in order to extract relief that should properly be sought from the court.  If AST receives a notice of deposition under terms it finds objectionable, it may proceed in accordance with the Rules to enforce the terms of the Scheduling Order or otherwise move for protective order.

Dated: June 20, 2005