IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **04-cv-1615-JLK (consolidated with 05-cv-247-JLK, 05-cv-306-JLK, 05-cv-641-JLK and 05-cv-643-JLK)**

Bankruptcy Case No. 04-19176

IN RE:

**AST SPORTS VS. EPHEDRA CASES**

*This Minute Order relates to* **Smoot v. AST** *and* **GNC**, *only.*

---

### ORDER RE SMOOT PARTIES' PARTICIPATION IN DISCOVERY BOTH HERE AND IN THE MULTIDISTRICT LITIGATION ONGOING IN THE SOUTHERN DISTRICT OF NEW YORK

---

Kane, J.

After conferring with Judge Rakoff on the issue of whether the *Smoot* parties' should be required to continue participating in the MDL discovery proceedings in the Southern District of New York notwithstanding the fact that *Smoot* has been ordered transferred here under 28 U.S.C. § 157(b)(5), I have determined the sensible approach is to require Plaintiffs and co-defendant GNC to continue participating in the MDL discovery while excusing AST from those proceedings. I am mindful this determination works some hardship on Plaintiffs and GNC in having to participate in separate, related discovery proceedings to pursue their claims/cross-claims and related defenses against AST here and against each other in the MDL, but suggest this is part and parcel of the statutory protections afforded personal injury defendant debtors under 28 U.S.C. § 157(b)(5). Should

specific circumstances arise that warrant protection or other relief under the federal discovery rules, the parties are free to move for such relief and I will give it my prompt attention.

Accordingly, the April 21, 2005 Amended Scheduling and Discovery Order in this case is CLARIFIED to require the *Smoot* parties other than AST to continue participating in the MDL-related discovery orders in the Southern District of New York.

Dated: July 13, 2005.

BY THE COURT:

s/**John L. Kane**
SENIOR U.S. DISTRICT COURT JUDGE