IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **04-cv-1615-JLK (consolidated with 05-cv-247-JLK, 05-cv-306-JLK, 05-cv-641-JLK**, **05-cv-643-JLK, and 05-cv-1369-JLK)**

Bankruptcy Case No. 04-19176

IN RE:

**AST SPORTS VS. EPHEDRA CASES**

This Order relates to **05-cv-00641 (Blumberg)**

---

# ORDER

---

Kane, J.

This matter is before me on the August 8, 2005 Motion for Summary Judgment filed by Defendant AST Sports Science, Inc. (AST).  After various extensions of the briefing schedule, the matter is now fully briefed and ripe for determination.

Upon careful consideration of the Motion, the briefs for and against, the attached documents (in particular the Declaration of Dr. Lawrence Shields), and the relevant legal authority, I find the assertions in Dr. Shields's Declaration raise a genuine issue of material fact on the question of causation and sufficient to defeat a motion for summary judgment under Rule 56(c).  In so ruling, I decline to address the merits of AST's *Daubert*-based challenge to Dr. Shields's methodologies and analysis and leave that challenge for another day.  The *Daubert* challenge, crystallized only in AST's reply brief, will require specific and detailed briefing and possibly an evidentiary hearing.  I will not delay ruling on AST's initial assertion (that Blumberg lacks sufficient evidence that AST's product, Dymetadrine Xtreme, caused his stroke) while that process unfolds.  Instead, I conclude Dr. Shields's opinions are sufficient at this stage of the

proceedings to create a triable issue on the question of proximate cause because they are substantive, supported by relevant (albeit disputed) facts, and neither conclusory nor purely speculative.  *C.f. Matthiesen v. Banc One Mortgage Corp.*, 173 F.3d 1242, 1247 (10th Cir. 1999)("testimony of an expert can be rejected on summary judgment if it is conclusory and thus fails to raise a genuine issue of material fact").   The case will be set for pretrial conference at which time a trial date and briefing/hearing schedule on the *Daubert* issues will be set.

Accordingly, AST's Motion for Summary Judgment (Doc. 114) is DENIED, without prejudice to the *Daubert* issues raised therein being addressed at a later date.

Dated:  November 30, 2005

BY THE COURT:

s/**John L. Kane**
Senior U.S. District Judge